In the Matter of Michael James
RUSSELL, Debtor.

Theodore PATT, Plaintiff,

v.

Michael James RUSSELL, Defendant.

Bankruptcy No. 84–1130.
Adv. No. 84–336.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Aug. 29, 1986.

Nancy G. Farage, Tampa, Fla., for plaintiff-Theodore Patt.

Richard C. Prosser, Tampa, Fla., for defendant-Michael James Russell.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND MEMORANDUM OPINION

ALEXANDER L. PASKAY, Chief Judge.

THE MATTER under consideration in this Chapter 11 adversary proceeding is a Complaint to Determine Dischargeability of Debt pursuant to § 523(a)(2)(A) and/or (B) of the Bankruptcy Code, filed by Theodore Patt (Patt) against Michael James Russell (Debtor), the Debtor in the above-styled case. Patt asserts that the Debtor induced him to loan the Debtor $12,000 by providing an affidavit which contained materially false information and that he relied on the affidavit in making the loan. The Court reviewed the record, heard argument of counsel, and finds as follows:

Patt is a real estate agent who on several occasions had loaned money to the Debtor, a real estate broker, on an informal basis. Two of these loans formed the basis of the controversy now before this Court. On

January 20, 1982, the Debtor executed a promissory note due in 30 days as evidence of a loan from Patt for $1,500. A notation on the face of the note recited that it was secured by a mortgage on real property located in Nokomis, Florida; however, Patt, the sole witness at trial, testified that this mortgage was not executed. When the Debtor could not pay this note when it became due, he contacted Patt and requested that Patt loan him additional funds and that he execute a new promissory note to represent all the monies owed to Patt. It was pursuant to this request by the Debtor that Patt agreed to loan additional funds to the Debtor, cancel the original promissory note in exchange for the new note, and except as security for all the loans a second mortgage on the Nokomis property as well as a deed for an undivided one-half interest in this same property.

This agreement culminated in the Debtor's execution of a warranty deed on June 4, conveying a one-half interest in the Nokomis property to Patt, and of the following documents on June 11: a promissory note in favor of Patt in the principal amount of $12,000, payable in 45 days, a mortgage on the Nokomis property, and a letter of instruction to Patt's attorney which provided that in the event of a default under the terms of the note, the warranty deed dated June 4, 1982 would be delivered to Patt.

The Debtor also executed an affidavit which is set out in its entirety below:

## AFFIDAVIT

Before the undersigned duly authorized to adminster oaths personally appeared MICHAEL J. RUSSELL, who under oath stated as follows:

1) That he is Michael J. Russell, and that he is making this Affidavit for the purpose of inducing Theodore Patt to loan him a sum of money evidenced by the attached promissory note dated June 11, 1982 in the amount of $12,000, payment of which is secured by a second mortgage on Lot 15, Block A, Marland Court Subdividion, Sarasota County, Florida.

2) There is outstanding a purchase money first mortgage on the above reference property to Kenneth E. and Sarah A. Adkins, husband and wife, in the principal amount of $17,785, which is due on March 22, 1983. Monthly payments are due under that mortgage in the amount of $185.16, and those payments have been made and that mortgage is current and not in default.

3) Although the mortgage to the Adkins contains a future advance clause, there have been no future advances made under that mortgage and the undersigned agrees that none will be made during the time that the $12,000 note to Theodore Patt remains unpaid.

4) The property on which a mortgage will be given to Ted Patt as security is presently security for a loan to Edwin F. Wentzel, Jr. and Rita E. Wentzel as Co-Trustees; however, the undersigned has obtained an agreement from the Wentzels to release the property from that mortgage so that the mortgage to Theodore Patt will be a valid second mortgage.

5) In the event that any of the above representations are not true, including the failure of the Wentzels to both sign the partial release of mortgage, then Theodore Patt at his option may consider such event to be a default under the promissory note referred to above and exercise any remedy that may be available to him, including the recording of that certain Warranty Deed dated June 4, 1982 from Michael J. Russell, a married man, to Theodore Patt, conveying an undivided one-half interest in the mortgage property.

As the affidavit indicates, the property was encumbered by a purchase money mortgage and by a second mortgage to Edwin F. and Rita Wentzel. The Debtor represented to Patt that the Wentzels had agreed to release their second mortgage, which would put Patt's mortgage on the

property in the second position. Unfortunately for Patt, the Debtor never obtained the release, and Patt was in the third position rather than the second as the Debtor had represented to him.

Patt's testimony indicated, however, that it was not until the first mortgage holder foreclosed on the property that Patt realized that he was not in the second position. When the Debtor defaulted on the June 11 note, months before the first mortgage holder obtained a foreclosure judgment, Patt took steps to obtain a buyer for the property and actually entered into a contract for sale on November 11, 1985. Patt testified that he understood that the warranty deed was to protect him in case of a default, and that if he were not paid pursuant to the terms of the note, he would get a one-half interest in the property. Patt further testified that he never intended to foreclose his mortgage on the property, and that he became involved in the first mortgage holder's foreclosure only because he was named as a defendant.

Patt asserts his cause of action under § 523(a)(2)(A) & (B), which provides as follows:

(a) a discharge under § 727, 1141 or 1328(b) or this Title does not discharge an individual debtor from any debt

(2) for money, property, services or an extension, renewal or refinancing of credit, to the extent obtained by

(A) false pretense, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

(B) use of a statement in writing

(i) that is materially false;

(ii) respecting the debtor's or an insider's financial condition;

(iii) on which the creditor to whom the debtor is liable for such money, property, services or credit reasonably relied; and

(iv) that the debtor caused to be made or published with intent to deceive.

In a complaint filed pursuant to § 523(a)(2)(A) or (B), the burden of proof is upon the person asserting non-dischargeability to establish each and every element.

*In re Cross*, 666 F.2d 873 (5th Cir.1982). Among the elements that must be proven is that the creditor actually and reasonably relied upon the representation made by the debtor. *In re Harms*, 53 B.R. 134 (Bankr. D.Minn.1985). Patt argues that the Debtor furnished the affidavit stating that his mortgage would be in a second position in order to induce him to make the loan, and that it was materially false because it stated that Patt would hold a second mortgage on the property. The Debtor argues that the letter of instructions, the affidavit, and Patt's conduct established that Patt did not rely on the mortgage but on the warranty deed in making the loan.

Even assuming that Patt had established every other element necessary to prevail on his Complaint, an assumption that is not supported by this record, this Court is satisfied that Patt has failed to establish that he reasonably relied on the affidavit in making the loan. In fact, Patt's testimony was that he never intended to rely on the mortgage as security for the loan. It is equally clear that Patt never intended to foreclose, and upon the Debtor's default, Patt considered himself to be an owner of the property and solicited a purchaser. Furthermore, the only time Patt asserted his mortgage interest is when he was named as a defendant in the foreclosure action commenced by the first mortgage holder and Patt filed his cross-claim against the Debtor to foreclose his own mortgage.

It is also important to note that there is absolutely no evidence in this record that the Debtor made the representations with the intention and purpose of deceiving Patt, another element that Patt must prove before he can prevail under § 523(a)(2)(A) & (B).

Based on the foregoing, this Court is satisfied that Patt has failed to carry his burden of proof by establishing each and every element under § 523(a)(2)(A) & (B), and therefore judgment must be entered in favor of the Defendant.

A separate final judgment will be entered in accordance with the foregoing.